# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HARRY LEE RIDDICK, JR., | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) ) ) ) | Case No. 19-cv-287-NJR |
| B. TRUE, KATHERINE SIEREVELD, MR. BURGESS, and K. HILL, | ) ) ) ) ) | |
| Respondents. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Harry Lee Riddick, Jr, an inmate of the United States Bureau of Prisons ("BOP") who is currently incarcerated at United States Penitentiary Marion, Illinois ("USP Marion"), brings this petition for writ of mandamus pursuant to 28 U.S.C. § 1361.

Because Riddick is currently an inmate at USP Marion, he is a "prisoner" within the meaning of the Prison Litigation Reform Act (PLRA). Pub. L. 104-134; *see* 42 U.S.C. § 1997e(h). Civil actions filed by prisoners are subject to a preliminary merits review pursuant to 28 U.S.C. § 1915A. A mandamus action may or may not be a "civil action" subject to the PLRA, depending on the nature of the relief sought and whether it pertains to an underlying civil or criminal matter. In *Martin v. United States,* 96 F.3d 853, 854 (7th Cir. 1996), the United States Court of Appeals for the Seventh Circuit concluded that a petition for mandamus in civil litigation falls within the scope of the PLRA. Riddick specifies that this is a petition for a writ of mandamus of a civil nature

1

(not related to any of his criminal cases), brought pursuant to 28 U.S.C. § 1361; thus, the PLRA is applicable.

This case is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. That statute directs the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **The Petition**

Riddick received mail from his brother, Keith Riddick, on February 6, 2019. (Doc. 1, p. 2). The mail included public records, which Riddick alleges were certified and registered by the Eastern District of Pennsylvania. (*Id.*). Respondents refused to provide Riddick with the mail from his brother. Riddick attempted an informal resolution with his unit counselor, Mrs. K. Hill. (*Id.* at pp. 2, 5-8).

Riddick now asks for this Court to determine whether he can have the documents in his possession. (*Id*). He attaches email correspondence with his case manager, Mr. Burgess, indicating that BOP Attorney Katherine Siereveld informed Riddick that he could not possess the contents of the letter but that he could make copies of the 106 page document. (*Id*. at p. 10). Riddick seeks a writ of mandamus directing all Respondents to "accept and route to each addressee/respondent any and all legal process whether by mail or process server, presented for service and/or notice, and refuse none." (*Id*. at p. 3). In essence, Riddick seeks an order compelling prison officials to provide him with all mail that is received by the prison and to not reject the mail.

**Discussion**

28 U.S.C. § 1361 establishes jurisdiction for a federal district court to compel a federal official or agency "to perform a duty owed to the plaintiff." Such a writ is an extraordinary remedy. *Banks v. Secretary of Indiana Family and Social Servs. Admin.*, 997 F.2d 231, 244 (7th Cir. 1993). "The Supreme Court has emphasized that '[t]he common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'" *Center for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 589 (7th Cir. 2014) (quoting *Heckler v. Ringer,* 466 U.S. 602, 616 (1984)). A writ of mandamus "cannot compel a federal official to perform any function unless the official is clearly directed by law to do so." *Banks*, 997 F.2d at 244 (citations omitted). The Seventh Circuit has established that the following three elements must be met in order to issue a writ of mandamus: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; (3) no other adequate remedy available." *Burnett v. Bowen,* 830 F.2d 731, 739 (7th Cir. 1987). If any of the elements are missing, the court should "deny the petition, not [for lack of subject matter jurisdiction], but because the plaintiff has not demonstrated an entitlement to this form of extraordinary relief." *Ahmed v. Dep't of Homeland Security*, 328 F.3d 383, 387 (7th Cir. 2003).

The Court finds that Riddick has not met the required elements for a writ of mandamus to issue. Riddick seeks a writ ordering that all officers and employees at USP Marion accept and route his mail to him and to refuse none of his mail. As a preliminary matter, it is noted that prisoners have a general First Amendment right to send and receive mail, but restrictions on that right are permissible if they are reasonably related to a legitimate penological objective. *Turner v. Safley,* 482 U.S. 78, 89 (1987). As Riddick's right to mail may be reasonably restricted, he has not

demonstrated that he has a clear right to all mail or that Respondents have a nondiscretionary duty to deliver all of his mail. Nor has he alleged that he has a right to the specific mail in question, a letter from his brother containing public records. (Doc. 1, p. 2). He also fails to point to any plainly defined and peremptory duty on the part of any Respondent. Further, Riddick has other adequate remedies to obtain the relief he seeks. For instance, he may raise his claims and seek relief in the BOP's administrative remedy program. If Riddick is not satisfied with those results, he may initiate a civil rights action in this court. Thus, Riddick has completely failed to meet the threshold requirements for the issuance of a writ of mandamus. He offers no factual or legal basis for the Court to undertake such a drastic measure. As such, the Court finds the Petition to be frivolous.

## Disposition

Because Riddick fails to demonstrate any of the elements for obtaining mandamus relief, the writ of mandamus petition is **DENIED** as frivolous, and this case is **DISMISSED with prejudice**. This dismissal shall count as a "strike" for purposes of 28 U.S.C. §1915(g).

If Riddick wishes to appeal this Order, he must file a notice of appeal with this Court within the time allotted in Federal Rule of Appellate Procedure 4(a)(1)(A). If Riddick does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Riddick must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after

the entry of judgment, and this 28-day deadline cannot be extended. The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 5/24/2019**

*/s/ Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**